## LUTZ *v.* KEISER *et al.*

*(Supreme Court, General Term, Fifth Department.* June, 1892.)

BROKERS—CONTRACT OF EMPLOYMENT—CONFLICTING EVIDENCE.

Plaintiff testified that he was employed by defendants to sell tobacco on commission, in an action in which he sought to recover an alleged balance. One of defendants, and another, testified that plaintiff was employed at a certain salary, and that consequently no balance was due him. Another witness testified that plaintiff offered to work for the salary, and that defendants, preferring to pay him commissions, did not accept the offer; but he did not hear all of the conversation. *Held,* that a verdict for plaintiff would not be disturbed.

Appeal from circuit court, Erie county.

Action by Jacob Lutz against August Keiser and another. From a judg ment entered on a verdict for plaintiff, and an order denying a new trial, defendants appeal. Affirmed.

Argued before Dwight, P. J., and Macomber and Lewis, JJ.

*Edward L. Jellinck,* for appellants. *Eugene V. Chamberlain,* for respondent.

Lewis, J. The plaintiff's testimony tended to show that he sold tobacco for the defendants for an agreed commission; that the defendants were to pay his traveling expenses; that there was a balance due him from the defendants on the 15th day of December, 1891, on account of said sales, of $250.54, with interest thereon from said date. The defendant August Keiser and his father, Leopold Keiser, testified that the plaintiff did not work for the defendants upon commission, but that he worked upon an agreed salary of $10 a week and his traveling expenses. If the plaintiff was only entitled to $10 a week, the defendants had fully paid him for his labor. The testimony of the defendants' witness John W. Stykoff, that he heard the plaintiff offer to work for the defendants for $10 a week, does not negative the plaintiff's evidence, for he testified that he at first offered to work for that, but that the defendants did not except the offer, but said they preferred to have him work on commission. Stykoff testified that he did not hear all the conversation. The evidence presented a clear question of fact to the jury. They credited the plaintiff, and their verdict must be held to be final. The judgment and order appealed from should be affirmed. All concur.